```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
AZIZ SHADID,                          :    13 Civ. 5800 (PGG) (JCF)
                                      :
            Petitioner,               :         REPORT AND
                                      :        RECOMMENDATION
                                      :
    - against -                       :
                                      :
JEROME L. NICOLATO,                   :
                                      :
            Respondent.               :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE PAUL G. GARDEPHE, U.S.D.J.:

    Aziz Shadid, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction, upon a guilty plea, of two counts of burglary in the third degree and one count of attempted burglary in the third degree. The respondent has moved to dismiss the petition on the ground that it is time-barred. For the reasons discussed below, I recommend that the motion be granted.[1]

Background

    On April 22, 2005, Mr. Shadid was arrested in connection with a series of burglaries in Manhattan. (Memorandum of Law in Support of Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus ("Resp. Memo."), at 1). Through forensic evidence such as

---

[1] The petitioner did not answer the respondent's motion, despite having been sent a copy of the order containing the briefing schedule.

fingerprints and his own post-arrest statement, he was linked to fourteen burglaries in total. (Resp. Memo. at 2). On November 30, 2006, after accepting a plea bargain, the petitioner was sentenced to a term of three and one-half to seven years, a consecutive term of three to six years, and a concurrent term of two to four years. (Order Denying Motion to Vacate Judgment dated Jan. 26, 2012, ("Jan. 26, 2012 Order"), part of State Court Record ("Record") attached to Declaration of Leilani Rodriguez dated Feb. 20, 2014 ("Rodriguez Decl."), at 36-37). On September 4, 2008, the petitioner filed a pro se notice of appeal to the Appellate Division, but it was rejected. (Rodriguez Decl., ¶ 3).[2] Subsequently, he filed three motions to enlarge the time to file a notice of appeal, and these were denied on November 13, 2008, June 11, 2009, and August 24, 2010. (Orders dated June 11, 2009 and Aug. 24, 2010, Record at 1-3).

On September 21, 2011, Mr. Shadid filed a pro se motion to vacate the judgment. (Petitioner's Motion to Vacate the Judgement ("Motion to Vacate"), Record at 4-18). He alleged that (1) he received ineffective assistance of counsel;[3] (2) he was improperly

---

[2] This document is not in the State Court Record, but is attested to by counsel for respondent based on communication with the Manhattan District Attorney's Office and the Appellate Division, First Department. (Resp. Memo. at 3).

[3] The petitioner claimed in his motion to set aside the judgement that his counsel had failed to file a motion pursuant to

sentenced to consecutive rather than concurrent terms; (3) the plea agreement was void because he was not informed of certain fines and surcharges; (4) the indictment was defective; and (5) the prosecutor coerced him into accepting the plea. (Motion to Vacate at 5-17). On January 26, 2012, the court denied the petitioner's motion, finding his claims without merit. (Jan. 26, 2012 Order at 35-42). On February 25, 2012, the petitioner sought leave to appeal the denial of his motion to vacate the judgment, but his application was denied on August 15, 2012. (Petitioner's Motion for Leave to Appeal, Record at 44-47; Order Denying Motion for Leave to Appeal, Record at 52). Mr. Shadid filed the instant petition on July 16, 2013.[4] (Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), at 1).

---

New York Criminal Procedure Law ("CPL") § 190.50 which violated his right to testify in front of the grand jury. (Motion to Vacate at 8-9). Furthermore, he asserted that his counsel erred in failing to file a CPL § 30.30 motion and that, therefore, his right to a speedy trial was violated. (Motion to Vacate at 5-8). The court disposed of these claims in the denial of the petitioner's motion to set aside the judgment on January 26, 2012. (Jan. 26, 2012 Order at 35-42).

[4] Pursuant to the "mailbox rule," a per se prisoner's submission is deemed filed on the day it is given to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270-71 (1988). I use the date that Mr. Shadid executed his petition.

Discussion

    A.   AEDPA Statute of Limitations

The respondent argues that the petitioner's habeas corpus petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year statute of limitations in the AEDPA begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Mr. Shadid's conviction became final on December 30, 2006, upon the expiration of the thirty-day period during which he could have filed a notice of appeal after his sentencing on November 30, 2006. CPL § 460.10(1)(a). Therefore, he had until December 30, 2007 to file his petition under 28 U.S.C. § 2244(d)(1)(A).

However, Mr. Shadid claims that he did not know his attorney had not filed the appeal until it was too late. (Petition at 6). Accordingly, he could argue that in this instance the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). When an attorney fails to file a notice of appeal after making assurances that he would do so, the statute of limitations begins to run as of the date on which the petitioner should have learned of the lawyer's failure. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000); accord Morton v. Ercole, No. 08 Civ. 252, 2010 WL 890036, at *3 (S.D.N.Y. March 10, 2010).

Here, that date is no later than the date the petitioner filed his first motion to enlarge the time for an appeal on September 4, 2008. By that time, Mr. Shadid had clearly realized that the appeal had not been filed and sought to remedy the error himself. Nevertheless, he did not file the instant petition until nearly five years later, on July 16, 2013.

Still, the AEDPA provides that the statute of limitations shall be tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)

5

(holding that one-year limitations period are suspended while properly filed applications for relief are pending in state court). The filing of a motion to extend the time to appeal or to file a late notice of appeal does not "restart" the statute of limitations period under AEDPA. Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002) (per curiam). Indeed, it is doubtful whether such an application tolls the limitations period. See id. at 579.

Nevertheless, I will assume that each of Mr. Shadid's motions trigger statutory tolling. He filed his first motion for enlargement of time to file a notice of appeal on September 4, 2008.[5] (Rodriguez Decl., ¶ 3). Therefore, the time periods during which each of his motions were pending between September 4, 2008 and July 16, 2013, when Mr. Shadid filed the instant petition, will be deemed tolled. See 28 U.S.C. § 2244(d)(2). Since the record does not reveal when the second and third motions were filed, I will assume that the tolling period extends from the date of the first filing -- September 4, 2008 -- to the date of the last order of denial -- August 24, 2010. After August 24, 2010, three-hundred and ninety-three days elapsed before Mr. Shadid filed his motion to vacate the judgment on September 21, 2011, which by itself exceeds the one-year limit. (Motion to Vacate at 4). Therefore, even

---

[5] It is not necessary to determine whether the petitioner's motions were properly filed, as the outcome is the same either way.

according the petitioner an extremely generous interpretation of the tolling provisions, he failed to file a timely habeas petition. If the limitations period is not tolled during the pendency of the enlargement motions, the motion to vacate, and the application for leave to appeal the order denying the motion to vacate, seven-hundred and fifty-eight days elapsed between when the statute of limitations began to run and when Mr. Shadid filed the instant petition.[6]

    B.  <u>Equitable Tolling</u>

Because the AEDPA's time limit is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling. See <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). The limitations period will be tolled only in "rare and exceptional circumstance[s]." <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000) (alteration in original) (quoting <u>Smith</u>, 208 F.3d at 17). The petitioner must demonstrate that "he acted with reasonable

---

[6] One-hundred and twenty-seven days elapsed between September 21, 2011, when the petitioner filed the motion to vacate the judgment and when it was denied on January 26, 2012. (Motion to Vacate at 4; Jan. 26, 2012 Order at 42). Thirty days passed between the order denying the motion to vacate and the petitioner's motion for leave to appeal on February 25, 2012. (Motion dated Feb. 25, 2012 at 47). One-hundred and seventy-two days elapsed while that motion was pending, until it was denied on August 15, 2012. (Order dated Aug. 15, 2012 at 52). Finally, three-hundred and thirty-five days passed after the last motion was denied before Mr. Shadid filed the instant petition on July 16, 2013.

diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented" him from filing a timely petition. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (per curiam) (internal quotation marks omitted); see also Valverde, 224 F.3d at 134. Mr. Shadid has not alleged, however, that he is eligible for equitable tolling, claiming only that he "is within the one year" statute of limitations. (Petition at 14). This assertion is wildly inaccurate, as explained above. Furthermore, it does not appear from the record that Mr. Shadid was either a victim of "rare and exceptional circumstances" or that he acted with reasonable diligence over the period in question. See Smith 208 F.3d at 17.

Equitable tolling has been granted only in the most compelling circumstances. See Valverde, 224 F.3d at 133 (confiscation of petitioner's draft petition and all related legal papers days before filing deadline warranted equitable tolling of limitations period); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (equitable tolling justified where petitioner's attorney disregarded specific direction to file habeas petition, told petitioner's wife that it was "too late" to file when fourteen months remained until AEDPA deadline, did no legal research while representing petitioner, and made no effort to locate petitioner after single, unsuccessful attempt). While some attorney conduct

may be so outrageous and incompetent as to warrant equitable tolling, ordinary errors made by counsel, even where such errors contribute to a petitioner's failure to meet a filing deadline, do not justify equitable tolling of the limitations period.  See Smaldone, 273 F.3d at 138 (rejecting petitioner's request for equitable tolling where attorney failed to file within limitations period because counsel believed that pending post-conviction motions reset, rather than tolled, AEDPA's period of limitation). Likewise, neither the problems related to being incarcerated nor a petitioner's pro se status justify equitable tolling of the limitations period.  Smith, 208 F.3d at 17-18.

Additionally, a petitioner must prove that he acted with "'reasonable diligence throughout the period he seeks to toll.'" Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith, 208 F.3d at 17).  Even where circumstances are sufficiently extraordinary to justify equitable tolling, a petitioner's failure to use reasonable diligence to pursue his claim destroys the causal link between the extraordinary circumstances and the tardiness of the petition.  See Valverde, 224 F.3d at 134.

Mr. Shadid alleges that he did not file an appeal because his counsel said he would but "failed to do so."  (Petition at 6). However, to the extent that counsel's ineffectiveness would give rise to equitable tolling, it would only do so with regard to the

9

time before September 4, 2008, when the petitioner discovered that the appeal had not been filed. Therefore, the petitioner's argument that he received ineffective assistance of counsel does not provide a basis for granting equitable tolling.

Conclusion

For the reasons set forth above, I recommend that the respondent's motion be granted and that the petition be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul G. Gardephe, Room 705, 40 Foley Street, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 22, 2014

10

Copies mailed this date to:

Aziz Shadid
c/o Mrs. Lillian Brown
800 Bronxriver Road, A65
Bronxville, New York 10708

Lisa E. Fleischmann, Esq.
Assistant Attorney General
120 Broadway, 12th floor
New York, New York 10271